·FAJARDO DEVELOPMENT COMPANY, PLAINTIFF AND APPELLANT,
*v.* CAMACHO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action to Annul a Municipal Ordinance, Etc.

No. 2849.—Decided May 12, 1923.

INJUNCTION—FRIENDLY SUIT—STIPULATION—ISSUE—ACADEMICAL QUESTION.—An action was brought by a public service railroad corporation for the annulment of a municipal ordinance which subjected the corporation to the payment of a tax for each ton of sugar cane that it transported. After a restraining order to show cause had been obtained against the defendant the parties submitted the case to the court on a stipulation of facts which is transcribed in the opinion. *Held:* That there being a real issue involving the validity of a municipal ordinance which if sustained would represent

an income for the defendant and a charge on the plaintiff, it can not be concluded that there was before the court merely an academical question, for it is a suit submitted amicably which should be prosecuted and disposed of according to the facts and the law.

The facts are stated in the opinion.

*Mr. J. Sifre, Jr.,* for the appellant.

*Messrs. J. Soto Rivera* and *B. Pagán* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The Fajardo Development Company, a corporation which operates a public service railroad through the municipality of Fajardo, brought an action for the annulment of a certain municipal ordinance which subjected it to the payment of a tax of one cent on each ton of sugar cane transported. After the complaint was filed the plaintiff moved for a rule against the defendant to show cause why an order should not be issued restraining the defendant from enforcing the ordinance. The rule was issued and at this stage of the case the parties filed a stipulation which reads in part as follows:

"I.—The defendants admit the following allegations of the complaint:

"A.—That the Fajardo Development Co. is a corporation organized * * * for the purpose of engaging in the transportation of merchandise and passengers in the Island of Porto Rico * * *, being at present operating a railroad * * * passing through the municipalities of Luquillo, Fajardo and Ceiba, * * *.

"B.—That the said railroad * * * is a public service * * *.

"C.—That José Camacho, one of the defendants, is Commissioner of Public Service of Luquillo and the other defendant, Juan Vélez, is Commissioner of Finance of the said municipality, and that both are holding the said offices in accordance with the provisions of the Municipal Law.

"D.—That the Municipal Assembly of Luquillo approved ordinance No. 4 which is transcribed in the complaint.

"E.—That up to this date the defendants have not collected any tax under the provisions of the said ordinance, but that they intend to collect such tax as soon as the grinding season of 1921—

1922 commences, and that they are making the necessary preliminary arrangements for collecting the said tax.

"F.—That the Fajardo Sugar Growers Association is the owner of about 1,500 acres of growing sugar cane in the municipality of Luquillo that will be ground during the season of 1921–1922  *  *  * and that when the said season opens the plaintiff, as a public carrier, must and will haul all of the said sugar cane from the municipality. of Luquillo to the municipality of Fajardo  *  *  *  and that the plaintiff also will have to haul all other sugar cane that may be delivered to it by other persons who may desire to engage its services as such public carrier.

"G.—That the ordinance approved by the Municipal Assembly of Luquillo and faithfully transcribed in the complaint affects The Fajardo Development Company, inasmuch as if the courts should sustain the validity of the said ordinance, the company would have to pay the tax established therein on each ton of sugar cane transported during the next season.

"II.—The parties hereby submit this case to the court so that, taking as true the facts admitted by the defendants, it may decide whether or not the Municipal Assembly of Luquillo had lawful power and authority to adopt the ordinance  *  *  *  in question in this suit,  *  *  *.

"III.—The plaintiff withdraws the motion for a restraining order and therefore consents that the rule to show cause be discharged, and the defendants hereby agree and promise to take no action for imposing upon or collecting from the plaintiff the tax intended to be levied under the said ordinance until this case is finally decided by the Supreme Court of Porto Rico, in case either of the parties should appeal to that court from the judgment that the District Court of Humacao may render, or by the Circuit Court at Boston, in case either of the parties should appeal to that court.

"IV.—If the judgment of the Supreme Court of Porto Rico, in case of an appeal thereto, should be adverse to the contention of the plaintiff and sustain the legality of the ordinance, the Fajardo Development Company shall pay to the Municipality of Luquillo the tax that it may be owing at that time under the provisions of the ordinance, unless an appeal is taken to the Circuit Court at Boston, and, in case of an appeal to that court, if its judgment should sustain the validity of the said ordinance, the plaintiff shall pay to the Municipality of Luquillo what it may be owing at that time under the provisions of the said ordinance; and in case the

judgment should be favorable to the plaintiff, the Municipality of Luquillo shall have no right to receive any payment by reason of the provisions of the said ordinance.

"V.—Plaintiff and defendants stipulate that each party shall pay its own costs and that neither shall be liable to the other for costs, attorney's fees, or any other expenses that the parties may incur in the progress of this action. The court is requested to allow each of the parties 15 days from the filing of this stipulation for presenting briefs, so that, without the necessity of hearing more evidence, the court may render final judgment."

Basing its opinion on the said stipulation, the district court held that it had before it only a moot question which it was without jurisdiction to consider, and citing the cases of *Property Owners' League* v. *City of San Juan,* 14 P. R. R. 85; *Truyol* v. *Municipality of Guayama,* 19 P. R. R. 517, and *San Juan Hippodrome Co.* v. *Insular Racing Commission,* 21 P. R. R. 1, dismissed the complaint, without costs.

The plaintiff appealed and, according to the opinion which we have formed of the case, it will be necessary to consider only the first three assignments of error, which in reality amount to only one; that is, that the court erred in holding that it was without jurisdiction and in dismissing the complaint for that reason.

In the case of *Lord* v. *Veazie,* 49 U. S. 250, 254, the Supreme Court of the United States, by Chief Justice Taney, expressed itself as follows:

"It is the office of courts of justice to decide the rights of persons and of property, when the persons interested cannot adjust them by agreement between themselves, and to do this upon the full hearing of both parties. And any attempt, by a mere colorable dispute, to obtain the opinion of the court upon a question of law which a party desires to know for his own interest or his own purposes, when there is no real and substantial controversy between those who appear as adverse parties to the suit, is an abuse which courts of justice have always reprehended, and treated as a punishable contempt of court.

"The suit is spoken of, in the affidavits filed in support of it,

as an amicable action and the proceeding defended on that ground. But an amicable action, in the sense in which these words are used in courts of justice, presupposes that there is a real dispute between the parties concerning some matter of right. And in a case of that kind it sometimes happens, that, for the purpose of obtaining a decision of the controversy, without incurring needless expense and trouble, they agree to conduct the suit in an amicable manner, that is to say, that they will not embarrass each other with unnecessary forms or technicalities, and will mutually admit facts which they know to be true, and without requiring proof, and will bring the point in dispute before the court for decision, without subjecting each other to unnecessary expense or delay. But there must be an actual controversy, and adverse interests. The amity consists in the manner in which it is brought to issue before the court. And such amicable actions, so far from being objects of censure, are always approved and encouraged, because they facilitate greatly the administration of justice between the parties. The objection in the case before us is, not that the proceedings were amicable, but that there is no real conflict of interest between them; that the plaintiff and defendant have the same interest, and that interest adverse and in conflict with the interest of third persons, whose rights would be seriously affected if the question of law was decided in the manner that both of the parties to this suit desire it to be." 8 How. 250, 254.

Is the matter before us a fictitious controversy involving a moot question, or is it in reality a suit amicably submitted to the court? From a careful examination of the record we have concluded that there is a real controversy. The municipality did not merely contemplate the adoption of the ordinance. The ordinance was adopted and is now in force. The plaintiff, a party directly affected 'by the ordinance, brought this action for its annulment and moved for a restraining order. A rule to show cause was issued and at this stage of the proceedings the stipulation that we have transcribed was filed. If the practice followed in this case could be adopted in all cases, the work of the courts would be greatly facilitated.

Unless there is something concealed, the record shows,

in our opinion, only a desire to lessen the work of the parties and of the court and to hasten a decision of a question of importance to the parties. If the ordinance is valid, it produces a revenue for the defendant and is a charge on the plaintiff. The interests of the two parties are adverse. Controversies of this kind have been decided often by the district courts and this court has entertained the appeals taken in such cases.

For the foregoing reasons the judgment appealed from is reversed and the case is remanded to the trial court for a decision on its merits.

*Reversed and remanded.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.